UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GUIDEONE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

CASE NO.: _____

v.

EDGEWOOD CHILDREN'S RANCH, INC.
and JANE DOE, as parent and natural
guardian of JOHN DOE, a minor child.

    Defendants.
_____/

**GUIDEONE MUTUAL INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, GUIDEONE MUTUAL INSURANCE COMPANY, by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief against Defendants, EDGEWOOD CHILDREN'S RANCH, INC. and JANE DOE, as parent and natural guardian of JOHN DOE, a minor child, and alleges as follows:

**Nature of the Proceedings**

1. In this action, GUIDEONE MUTUAL INSURANCE COMPANY seeks a declaration concerning its obligations, if any, under a Commercial Lines package policy to defend and/or indemnify EDGEWOOD CHILDREN'S RANCH, INC., in connection with a lawsuit filed by JANE DOE, as parent and natural guardian of JOHN DOE, a minor child, that is currently pending in the Ninth Judicial Circuit in and for Orange County, Florida.

### The Parties

2. Plaintiff, GUIDEONE MUTUAL INSURANCE COMPANY ("GuideOne"), is a foreign corporation organized and duly existing under the laws of the state of Iowa, with its principal place of business in Iowa.

3. Defendant, EDGEWOOD CHILDREN'S RANCH, INC. ("Edgewood"), is a Florida Not-For-Profit Corporation, with its principal place of business at 1451 Edgewood Ranch Road, Orlando, Orange County, Florida.

4. Defendant, JANE DOE ("Jane Doe"), as parent and natural guardian of JOHN DOE, a minor child ("John Doe"), is a natural person who is a citizen of Florida.

### Jurisdiction and Venue

5. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between the parties.

6. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has jurisdiction by virtue of 28 U.S.C. § 1332 in that the matter is between citizens of the different states.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and alleged omissions giving rise to these claims occurred within the District.

### Factual Allegations

8. GuideOne issued a multi-part Commercial Lines package policy to Edgewood, Policy Number 1194-589 (the "Policy"). The Policy contains both a Commercial General Liability ("CGL") part and a Sexual Misconduct Liability ("SML") part.

The Policy was issued as a renewal with a Policy Period of 11/3/2015 to 11/3/2016.  A copy of the Policy with premium information redacted is attached hereto as Exhibit A

9. The CGL portion of the Policy contains a $1M Each Occurrence limit of liability for bodily injury and property damage. There is a $3M aggregate. The SML portion of the Policy contains a $250,000 Each Occurrence limit and a $500,000 Total Damages ("aggregate") limit.  The main CGL coverage form is Form PCG 10 08 99 and the main SML coverage form is Form CP 12002 03 98.

10. The insuring agreement in the CGL form contains standard CGL language that requires an "occurrence" in the "coverage territory" and "bodily injury" that takes place during the policy period.

11. The Policy contains a standard exclusion for expected or intended injury, which would only be implicated if an insured was the perpetrator. The Policy also contains exclusion p., Additional Exclusions, which simply reads "Exclusions under ADDITIONAL EXCLUSIONS" (referring the reader to the Additional Exclusions section found on page 7 of 18).  The relevant language is set forth below as follows:

**ADDITIONAL EXCLUSIONS**

The following exclusions apply under COVERAGE A and COVERAGE B:

> **6.** Any "personal and advertising injury," "bodily injury" and mental  or emotional pain or anguish, sustained by any one person arising out of or resulting from any actual or alleged act of sexual misconduct of any kind. The Company shall have no duty to investigate, settle, defend or pay any claim or "suit" asserting any act of  sexual misconduct or any breach of duty contributing to such act.

12. The insuring agreement of the SML form covers bodily injury as well as mental anguish or emotional distress resulting from sexual misconduct. The misconduct must first commence during the policy period, as set forth in the following language:

> We agree to cover your legal liability for damages . . . sustained by a person as a result of sexual misconduct which first commences during the policy period.

13. The Policy also provides special limits of liability as follows:

**2.    LIMITS OF LIABILITY**

> …Regardless of the period of time over which such acts occur or when damages are sustained, all acts of sexual misconduct by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, will be considered one occurrence in determining our liability under this section.

**7.    DEFINITIONS**

> **3.** "Sexual Misconduct or Sexual Molestation: is any activity ….

**The Underlying Lawsuit**

14. On May 10, 2018, Jane Doe filed a Complaint against Edgewood in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2018-CA-004858-O (the "Underlying Complaint"). The Underlying Complaint is attached hereto as Exhibit B.

11. The Underlying Complaint alleges that John Doe, who was a minor student enrollee at Edgewood, was sexually abused by other students while enrolled at Edgewood from August 2016 through February 2017. John Doe claims he was confronted by four children who made fun of him for his mannerisms and the way he spoke that eventually led to the students waking him up during the night and forcing him to perform sexual acts.

12. The Underlying Complaint alleges six counts against the Ranch: negligent supervision (Count I); general negligence (Count II); negligent infliction of an emotional distress (Count III); breach of fiduciary duty (Count IV); negligent hiring, retention and supervision (Count V); and, negligent training (Count VI).

13. The critical allegations against Edgewood include:

> 9. Upon information and belief and at all times material hereto nonparty, S.R., was and is a minor child. It is believed that S.R., committed numerous assaults and batteries upon Plaintiff Doe as more fully described *infra*.
>
> 10. Upon information and belief and at all times material hereto nonparty, S.A., was and is a minor child. It is believed that S.A., committed numerous assaults and batteries upon Plaintiff Doe as more fully described infra.
>
> 11. Upon information and belief and at all times material hereto nonparty, S.L., was and is a minor child. It is believed that S.L., committed numerous assaults and batteries upon Plaintiff Doe as more fully described infra.
>
> 12. Upon information and belief and at all times material hereto nonparty, D.L., was and is a minor child. It is believed that D.L., committed numerous assaults and batteries upon Plaintiff Doe as more fully described infra.
>
> 22. Plaintiff Doe began attending school in August of 2016 at Edgewood….
>
> 33. Shortly after enrolling in Edgewood in August of 2016, Plaintiff Doe was confronted by four children, S.R., S.A., S.L., and D.J.,[1] who made fun of the Plaintiff Doe for his mannerisms and the way that he spoke.
>
> 34. … eventually the harassment of Plaintiff Doe led to S.R., waking Plaintiff Doe up during the night and forcing Plaintiff Doe to perform sexual acts on him.
>
> 35. The exact circumstances of these sexual acts varied depending on the days that they occurred. The acts were separate and distinct from one another. The acts included different sexual acts, including oral sex, digital anal penetration, and anal penetration.
>
> 36. Ultimately as he was satisfied with his harassment and assault upon

the Plaintiff Doe, S.R., informed the other three children –S.A., S.L., and D.J. – that Plaintiff Doe could be used to perform sexual acts on them.

37. This ultimately led to each of the four children, including S.R., waking Plaintiff Doe in during the evening and making him perform sexual acts on them. There was no consistency to the assaults and they occurred on different days, at different times, under different circumstances. Further, depending on the day andthe circumstance, the different sexual assaults on Plaintiff Doe would be accompanied with threats, batteries, physical assaults, and wrongful imprisonments – I.E. Plaintiff Doe would be held against his will in certain areasof the cabin.

38. The sexual acts that Plaintiff Doe was forced to endure occurred on different days, at different times, and under different circumstances. Sometimes the acts were done by one of the four children (S.R., S.A., S.L., or D.J.), other times that acts were coordinated in unison amongst two or more of the individual children.

39. In addition to the sexual acts described above, one-night S.R., used his fist to strike Plaintiff Doe when Plaintiff Doe refused to perform acts on S.R. On other nights the individual children would threaten harm to Plaintiff Doe if Plaintiff Doe did not go to the bathroom or kitchen to perform the sexual acts on them (false imprisonment). Even further, on other nights the children would make it known that Plaintiff Doe was not permitted to leave the different areas of thecabin until the children were satisfied with Plaintiff Doe's performance (false imprisonment). There was no consistency or continuum as to the sexual assaultswhich the four individual children forced Plaintiff Doe to perform on them.

40. All of these sexual assaults occurred over a period of weeks-to-months and each encounter was separate and distinct from one another.

41. Further, some acts were performed by multiple children on one night, and other assaults were performed individually upon his own accord.

### GuideOne's Defense of Edgewood

14. GuideOne agreed to provide a defense to Edgewood under the Policy and retained counsel on behalf of Edgewood; however, GuideOne reserved all of its rights, including the right to rely on any potentially applicable exclusions.

15. To date, GuideOne continues to provide a defense to Edgewood under a full reservation of its rights and is incurring attorney's fees and costs while providing a defense to Edgewood.

**Count I – Declaratory Judgment – Only One Policy Period Is Implicated**

16. GuideOne adopts and realleges the allegations in paragraphs 1 through 15 of this Complaint for Declaratory Relief as if fully set forth herein.

17. The SML insuring agreement clearly states that coverage applies during the period when the misconduct first commences. Therefore, if the first abuse took place prior to the November 2016 renewal, the first policy period is implicated and if after, the second policy period is implicated. Under no set of facts are both policy periods implicated,

18. The policy language at the center of this analysis read:

> We agree to cover your legal liability for damages … sustained by a person as a result of sexual misconduct which first commences during the policy period.

19. In the instant case, there is a single person making the claim and the phrase in question is unambiguous. Thus, the misconduct directed to John Doe could only have "commenced" during one of the two policy years.

20. Thus, GuideOne seeks a determination that only one policy period is implicated by the Underlying Complaint.

21. The above facts demonstrate the existence of an actual, justiciable controversy involving specific, adverse claims regarding the interpretation and effect of the Policy, and the rights and obligations of the parties under the Policy, which claims are ripe for adjudication.

22. All facts necessary for an adjudication of this dispute have occurred.

23. All conditions precedent to the filing of this Complaint for Declaratory Relief have been satisfied or waived.

24. GuideOne has been required to retain the undersigned law firm for the prosecution of this action, and has agreed to pay reasonable fees and associated costs for these services.

WHEREFORE, Plaintiff, GUIDEONE INSURANCE COMPANY, demands that this Court:

a. Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare that only one policy period is implicated by the Underlying Complaint;

c. Grant GuideOne further necessary or proper supplemental relief pursuant to 28 U.S.C. § 2202, including but not limited to costs, attorney's fees, and such other relief as the law so requires; and

d. Order a speedy hearing of this action and advance it on the calendar.

**Count II – Declaratory Judgment – The $250,000 Each Occurrence Limit Applies**

25. GuideOne adopts and realleges the allegations in paragraphs 1 through 15 of this Complaint for Declaratory Relief as if fully set forth herein.

26. The GuideOne policy language is not ambiguous but rather open to only one reasonable interpretation, that is, "all acts" of sexual misconduct by one person are deemed "one occurrence." Arguments have been made that generally an "occurrence" in the context of an insurance contract refers to a single event or incident. These arguments have been rejected in cases where there is a definition of "occurrence" such

as this case.

27. The policy language is comprehensive and inclusive, treating as one occurrence all acts by a single person or by two or more persons together. As such, coverage is limited under the current allegations to the $250,000 Each Occurrence limit

28. Thus, GuideOne seeks a determination that coverage is limited under the current allegations to the $250,000 Each Occurrence limit.

29. The above facts demonstrate the existence of an actual, justiciable controversy involving specific, adverse claims regarding the interpretation and effect of the Policy, and the rights and obligations of the parties under the Policy, which claims are ripe for adjudication.

30. All facts necessary for an adjudication of this dispute have occurred.

31. All conditions precedent to the filing of this Complaint for Declaratory Relief have been satisfied or waived.

32. GuideOne has been required to retain the undersigned law firm for the prosecution of this action, and has agreed to pay reasonable fees and associated costs for these services.

WHEREFORE, Plaintiff, GUIDEONE INSURANCE COMPANY, demands that this Court:

    e. Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

    f. Find and declare that coverage is limited under the current allegations to the $250,000 Each Occurrence limit;

    g. Grant GuideOne further necessary or proper supplemental relief pursuant

to 28 U.S.C. § 2202, including but not limited to costs, attorney's fees, and such other relief as the law so requires; and

h. Order a speedy hearing of this action and advance it on the calendar.

Dated this 5th day of April, 2021.

        */s/ Christine A. Wasula*
        ROBERT ALDEN SWIFT
        FBN: 0018518
        CHRISTINE A. WASULA
        FBN: 0148164
        COLE, SCOTT & KISSANE, P.A.
        Tower Place, Suite 400
        1900 Summit Tower Blvd.
        Orlando, Florida 32810
        E-Mail: robert.swift@csklegal.com
        E-Mail: christine.wasula@csklegal.com
        E-Mail: mcherie.heckford@csklegal.com
        Telephone: (321) 972-0075
        Facsimile: (321) 972-0099

        *Counsel for Plaintiff, GuideOne Mutual Insurance Company*