UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-00606-PGB-EJK

GUIDEONE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.

EDGEWOOD CHILDREN'S RANCH, INC.
and JANE DOE, as parent and natural
guardian of JOHN DOE, a minor child.

    Defendants.
_____

### DEFENDANT EDGEWOOD CHILDREN'S RANCH, INC.'S UNOPPOSED MOTION FOR ADDITIONAL TIME TO FILE RESPONSE TO COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, Edgewood Children's Ranch, Inc. (hereinafter "Edgewood"), pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 3.01 hereby files this Unopposed Motion for Additional Time to File Response to Complaint and Supporting Memorandum of Law and requests an additional forty-five days of time to respond to the Plaintiff's Complaint and in support thereof would state the following:

The instant matter is an insurance coverage declaratory judgment action. Plaintiff, Guideone Mutual Insurance Company (hereinafter "Guideone"), is the

liability insurer of Defendant Edgewood.  Guideone is defending Edgewood in a liability lawsuit brought by Doe.  In this declaratory judgment action, Guideone seeks a ruling as to the available limits of liability for the underlying liability case.  The underlying liability case is proceeding as Case Number 2018-CA-004858-O brought in the Ninth Judicial Circuit in and for Orange County, Florida.  Edgewood was served with the Complaint in this matter on April 21, 2021.  Thus, its responsive pleading date is May 10, 2021.  For several reasons outlined below, Edgewood requests an additional forty-five days to file its response to the Complaint.  This request is unopposed by counsel for Guideone.  It is also unopposed by counsel for Doe.  The basis for the motion are severalfold.

    First of all, counsel for Edgewood needs additional time to analyze the case issues and the claims of Guideone.  Perhaps more significantly, however, the underlying liability case has been ordered to an additional mediation by the end of June.  A copy of the Court's Order referencing such is attached hereto as Exhibit 1.  If the underlying liability case settles, that will moot this declaratory judgment action.  Thus, the Court should grant Edgewood an additional forty-five days to see if this case becomes moot.  Finally, Edgewood would note the co-defendant, Doe, has not yet been served.  Counsel for Doe, however, is in the process of agreeing to accept service of process pursuant to Federal Rule of Civil Procedure 4.  Co-Defendant Doe will have sixty days to respond to the Complaint once service is

accepted. See Federal Rule of Civil Produce 4(d)(3). Thus, granting Edgewood an additional forty-five days to respond to the initial Complaint will not delay this proceeding. Edgewood's responsive pleading will still be due before the co-defendant's responsive pleading.

It is thereby requested this Court grant Edgewood an additional forty-five days to file its responsive pleading.

## MEMORANDUM OF LAW

Rule 6 of the Federal Rules of Civil Procedure authorizes the granting of an extension of time by which a party must perform certain actions:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice of the court acts, or if a request is made, before the original time or its extension expires . . . Federal Rule of Civil Procedure 6(b)(1)(A).

While courts have discretion in considering whether to grant additional time under the federal rules, "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." See generally, 4B Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedures §1165 (3d Ed. 2012).

Defendant's request for additional time is being made prior to the deadline for responding to the Complaint. Also, there will be no prejudice to Guideone by

the granting of this motion. In fact, Guideone does not oppose the motion. Further, as referenced above, a mediation of the underlying liability case may result in this case becoming moot. Also, the co-defendant's responsive pleading date will not be until after any extension granted to Edgewood. It is thereby requested this Court give Edgewood an additional forty-five days until June 24, 2021 to file its responsive pleading.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Defendant Edgewood has conferred with counsel for Plaintiff Guideone and counsel for Co-Defendant Doe and neither oppose the granting of the relief requested in this motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CMB/ECF system which will send a notice of electronic filing to the following: Robert Alden Swift, Esq. and Christine A. Wasula, Esq., Cole, Scott & Kissane, P.A., Tower Place, Suite 400, 1900 Summit Tower Blvd., Orlando, FL 32810.

        s/ Chris Ballentine
        CHRIS BALLENTINE
        Florida Bar No. 434205
        Fisher Rushmer, P.A.
        390 N. Orange Avenue, Ste. 2200
        Post Office Box 3753
        Orlando, FL 32801-1642
        Telephone: (407) 843-2111
        Facsimile: (407) 422-1080
        cballentine@fisherlawfirm.com (primary)
        dburns@fisherlawfirm.com (secondary)

        Attorneys for Defendant, Edgewood Children's Ranch, Inc.

L:\CMB\Edgewood\DEC ACTION PLEADINGS\Unopposed M for Addl Time by Edgewood.docx\CB/djb

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 2018-CA-004858-O

JANE DOE

    Plaintiff(s),

vs.

EDGEWOOD CHILDRENS RANCH INC
FLORIDA ASSOCIATION OF CHRISTIAN CHILDCARING AGENCIES

    Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISPENSE WITH COURT-ORDERED MEDIATION

## ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF COURT-ORDERED MEDIATION

THIS MATTER comes before the Court, and the Court, having reviewed the file and being otherwise fully informed, finds as follows:

1. The Defendant's Request for Extension of the twenty (20) day deadline for coordinating the mediation is GRANTED.

2. Within ten (10) days from the date of this Order, the parties shall coordinate a mediation to occur within sixty (60) days from the date of this Order.

   The Defendant shall be responsible to initiate the scheduling of the mediation and prepare a Mediation Order for Judge Weiss's signature.

3. The Plaintiff's Motion to Dispense with Court-Order Mediation is DENIED.

# EXHIBIT 1

DONE AND ORDERED on this 26th day of April, 20 21.

_____
Kevin B. Weiss
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 28th day of April, 2021 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.